In re Donald David SMITH and Margaret Elizabeth Smith, Both DBA Smith & West Construction, Inc., Debtors.

Bankruptcy No. 681–06346.

United States Bankruptcy Court, D. Oregon.

Feb. 22, 1983.

Keith Boyd, Eugene, Or., for trustee.

Blair J. Henningsgaard, Coos Bay, Or., for debtors.

**12**

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Debtors, Donald and Margaret Smith, filed their joint bankruptcy petition on November 10, 1981. Donald Smith claimed exemptions provided by the Oregon Revised Statutes and Margaret Smith claimed under the exemption scheme in 11 U.S.C. § 522. In an Amended Schedule B–4, Donald Smith claimed as exempt, inter alia, tools of a value claimed exempt of $1,600.00. The trustee, Paul Lansdowne, filed objections thereto. The trustee objected to the claimed exemption in the tools for the stated reason that the tools were not the personal property of the debtor, but instead were the property of Smith and West Construction, Inc., and/or "workmen." The trustee's objections were allowed in the absence of any request for hearing on them. Shortly after entry of the Order allowing the objections, counsel for the debtors filed a request for hearing on the objections and a motion to set aside the Court's Order allowing the objections, stating that he believed that a hearing would be held as a matter of course and did not realize that a request was necessary. Hearing on this motion and on the objections was held August 18, 1982, Margaret Smith testified that at the time of the filing of the petition in this case the tools claimed by Donald Smith as exempt had been stolen and that the asset consisted of a claim under the general insurance policy of Smith and West Construction, Inc., of which she and her husband were the sole shareholders. She further testified that the tools claimed as exempt had been property of her husband which he used in his work as a mechanic and not transferred to the corporation.

The debtors supplemented the record with copies of personal property tax records and schedules from the corporate income tax returns of Smith and West Construction, Inc., for the years 1977–1980. Each party also submitted a memorandum.

The depreciation schedules and personal property tax returns of the corporation do not include any reference to the tools in question. They reflect, at least, that the tools claimed by the debtor were not specifically claimed by the corporation. The trustee offers little to rebut the testimony of Mrs. Smith as to the ownership of the stolen tools. Counsel for the trustee points out that the insurance policy covering the loss of the tools was issued to the corporation. No evidence of the insurance policy provisions was presented. The tools were stolen from a truck owned by the corporation and, absent evidence of the insurance policy coverage provisions, the fact that the corporation owned the insurance policy has little, if any, probative value for determining ownership of the tools. The debtor's asserted ownership of the tools will be deferred to in the absence of evidence to overcome the testimony of the only witness as to their ownership.

Counsel for the debtors' cites *Blackford v. Boak,* 73 Or. 61, 143 P. 1136 (1914) in support of the debtors' contention that the insurance proceeds of the stolen tools are subject to a claim of exemption. *Blackford* involved a farmer who had sold his span of horses, necessary to his work in the field, in the winter with the intent to purchase another span for spring planting. The Court found that proceeds arising out of a sale of exempt property are not liable to execution when the debtor intends to reinvest the proceeds in exempt property. 73 Or. at 65, 143 P. 1136. The trustee contends that *Blackford* does not help the debtors herein because they have not produced evidence of their intent to reinvest the proceeds in exempt property. The debtor's entitlement to a liberal construction of exemption rights precludes a finding that the debtor did not intend to reinvest the proceeds in exempt property. Mrs. Smith's testimony was that her husband is a mechanic and that he requires tools in his work as a mechanic. To continue in his trade repurchase of tools would be necessary. See *In re Adreotti,* 16 B.R. 28, 32 (Bkrtcy.E.D.Cal.1981).

Subsequent to the hearing on the trustee's objections, debtor Donald Smith conditionally amended his Schedule B–4 to relinquish a $500.00 claim of exemption in a travel trailer and claim the full $1,600.00

provided for in O.R.S. 23.160(1)(c) in the insurance proceeds for the tools as exempt should the proceeds be determined subject to exemption. (O.R.S. 23.160(1)(c) has been later amended in a manner not relevant to this proceeding).

The Court overrules the trustee's objection to the debtor's claim of exemption not to exceed $1,600.00 of insurance proceeds from his stolen tools of trade. The motion of the debtors that the Order entered June 15, 1982, allowing the trustee's objection to the claimed exemption be set aside should be allowed. Each party shall bear his own costs and attorney fees in these proceedings. A separate Order consistent with this Memorandum Opinion shall be entered.